UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80015-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CORY LLOYD and STEVEN STRONG,

    Defendants.
    _____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE
## TO PRECLUDE IRRELEVANT EVIDENCE

THIS CAUSE is before the Court upon the United States Motion to Exclude Irrelevant Evidence (DE 106), to which both Defendants have responded separately (DE 120, DE 123); and (2) Defendant Strong's Motion to Preclude Irrelevant Evidence (DE 108), to which the Government has responded (DE 129).

Defendants are alleged to have engaged in a scheme to submit false and fraudulent enrollment applications for Affordable Care Act (ACA) plans by recruiting consumers for subsidized plans and lying on the plan applications by manipulating applicants' incomes so as to qualify applicants for the maximum possible subsidies. This in turn yielded profits for Defendants in the form of commissions.

Defendant Strong seeks to preclude any evidence offered by the government that occurred outside the time and scope of the alleged conspiracy. (DE 129). According to the indictment, the charged conspiracy began in August of 2018 and continued through September 2022. The Government apparently intends to offer certain evidence that falls outside this timeframe. Strong asserts that the relevance of some of this evidence is unclear, and further that it may run afoul of

Rule 404(b). The Government only partially opposes this motion, but it does clarify that it intends to establish the relevance of certain items of evidence that pre-date and post-date the conspiracy.

The Government moves to exclude the following evidence which it asserts is irrelevant: (1) uncharged witnesses' opinions and beliefs about whether the Defendants' conduct was wrongful; (2) evidence that post-dates the conspiracy period; (3) evidence of the Digital department's operations, subject to the proper laying of predicate; (4) evidence that Insurer 1 received the call scripts, subject to the proper laying of predicate; (5) evidence of a death in Strong's family; and (6) arguments and/or evidence designed to appeal to jurors' political views about the Affordable Care Act. (DE 106). Defendant Strong asserts in his Response that all of this evidence is "crucial" to Strong's defense, and therefore it is relevant and is admissible. (DE 120). Defendant Lloyd asserts in his Response that the Government' motion effectively seeks to prevent the jury from considering any evidence that would exculpate Lloyd, which is not permissible. (DE 123). Lloyd further argues that the evidence is relevant. Finally, as to point (6), both Defendants assert they have no intention of eliciting politically charged evidence to effectuate jury nullification.

The determination of what is relevant is highly contextual. It requires me to understand exactly what information is conveyed in a particular document or precisely what a witness intends to say during oral testimony. Much of the content of these motions deals with arguments in hypothetical situations, and moreover certain issues are only implicated under a given set of circumstances which may or may not ultimately come to pass. I cannot render a fully informed ruling on these issues, in this posture. I also note that some of the challenged evidence may turn on what defenses are asserted, and the defense strategy is unclear from the Parties' briefing.

I will deny these motions at this time, so that I can evaluate how the evidentiary presentation is evolving as trial proceeds. This denial is without prejudice to the Parties' ability to make contemporaneous objections at the time of trial to particular items of evidence or areas of testimony that they believe to be inadmissible.

Accordingly, it is **ORDERED** that Defendant Strong's Motion in Limine to Preclude Irrelevant Evidence (DE 108), and the Government's Motion to Exclude Irrelevant Evidence (DE 106) are **DENIED WITHOUT PREJUDICE.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 31st day of October, 2025.

_____
Donald M. Middlebrooks
United States District Judge